1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
9                      AT TACOMA

10   DANIELLE NORFLEET, on behalf of
     minor child, PDN,
11                                              CASE NO. 13-cv-05251 JRC
                          Plaintiff,
12                                              ORDER DENYING MOTION FOR
             v.                                 COURT APPOINTED COUNSEL
13
     CAROLYN W. COLVIN, Acting
14   Commissioner of the Social Security
     Administration,
15
                          Defendant.
16

17

18          This matter has been referred to United States Magistrate Judge J. Richard

19   Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

20   4(a)(4), and as authorized by *Mathews, Secretary of  H.E.W. v. Weber*, 423 U.S. 261,

21   271-72 (1976).

22          *Pro se* plaintiff, DANIELLE NORFLEET, O/B/O MINOR CHILD, PDN, proceeding *in*

23   *forma pauperis* ("IFP"), moves for court appointed counsel to assist with an appeal of the denial

24   of social security benefits (*see* ECF No. 2). *See also* 28 U.S.C. § 1915(a)(1). For the reasons

ORDER DENYING MOTION FOR COURT
APPOINTED COUNSEL - 1

1  discussed herein, the Court DENIES plaintiff's motion for court appointed counsel (*see* ECF No.

2  2).

3       Plaintiff indicates the following in her motion: "Over the last 2 months I made contact

4  with 10 attorneys. I found it difficult to find an attorney to take on an SSI disability denial case

5  for a minor" (*see* ECF No. 2, p. 2). *See also Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal.

6  1993).

7  DISCUSSION

8       Pursuant to section 1915(e)(1), the Court "may request an attorney to represent any

9  person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no right to counsel

10  in civil cases, and in this Circuit, district courts may appoint counsel for litigants proceeding IFP

11  only following a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017

12  (9th Cir. 1991) (citation omitted); *see* 28 U.S.C. § 1915(e)(1); *but see Kerr v. Christian Care*

13  *Health Sys.*, 2010 U.S. Dist. LEXIS 27734 at *2-*3 (E.D. Pa. 2010) ("The Third Circuit has

14  rejected that construction of § 1915, holding that 'nothing in [the] clear language [of § 1915]

15  suggests that an appointment is permissible only in some limited set of circumstances") (citations

16  omitted) (collecting cases)). As indicated by the Ninth Circuit:

17       "A finding of exceptional circumstances requires an evaluation of both 'the
        likelihood of success on the merits and the ability of the [plaintiff] to articulate

18       h[er] claims *pro se* in light of the complexity of the legal issues involved.'
        Neither of these factors is dispositive and both must be viewed together before

19       reaching a decision."

20  *Terrell, supra,* 935 F.2d at 1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

21  1986)) (other citations omitted).

22       At this time, plaintiff has failed to demonstrate exceptional circumstances justifying

23  appointment of counsel. *See Terrell, supra,* 935 F.2d at 1017. First, without viewing the record,

24

ORDER DENYING MOTION FOR COURT
APPOINTED COUNSEL - 2

1   the Court cannot say whether or not there is any likelihood of success on the merits. Secondly,

2   plaintiff's claim is straightforward and relatively well-articulated (*see* Complaint, ECF No. 4).

3   Plaintiff describes the claim as follows:

> My son has a brachial plexus injury with severe marked functional limitations
> in self care and school activities including class work. My son was also
> diagnosed with ADHD with marked difficulties in maintaining concentration,
> persistence, or pace along with marked impairment in age appropriate
> cognitive and personal functioning. I believe the Appeals Counsel['s] []
> decision was based on 1 marked limitation of the brachial plexus injury and I
> don't believe the evidence and documentation of ADHD was considered along
> with his case.

(*id.*, p. 2).

       Plaintiff specifically requests that the Court consider "why my son's 2nd marked
impairment of 'ADHD' was not considered in his case along with his brachial plexus
impairment" (*id.*, p. 3). Considering the level of complexity of the legal issues involved, as can
be discerned based on the limited record currently available, the Court concludes that plaintiff
has demonstrated an ability to articulate the claim well as a *pro se* litigant (*see id.*, pp. 2-3).

CONCLUSION

       Because plaintiff has not demonstrated a likelihood of success on the merits and has
demonstrated an ability to articulate the claim well in light of the complexity of the legal issues
involved, the Court does not find that exceptional circumstances exist in this matter herein. *See*
*Terrell, supra,* 935 F.2d at 1017. Therefore, the Court hereby denies plaintiff's motion for court
appointed counsel. *See id.* The Court also directs plaintiff to the Court's website, which includes
information for *pro se* litigants, such as the *Pro Se* Guide, which includes resources for
potentially finding legal advice: http://www.wawd.uscourts.gov/pro-se (last visited April 26,
2013). *See also "Where Can You Get Legal Advice?"* located at *Pro Se* Guide, p. 38,

ORDER DENYING MOTION FOR COURT
APPOINTED COUNSEL - 3

1   http://www.wawd.uscourts.gov/sites/wawd/files/ProSeManual1-15-2013revised.pdf (last visited

2   April 26, 2013).

3         For the reasons stated, the Court **DENIES** plaintiff's motion for court-appointed counsel

4   (ECF No. 2) without prejudice.

5         Dated this 29th day of April, 2013.

6

7                                          J. Richard Creatura

8                                          United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24