UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIELLE NORFLEET, on behalf of minor child, PDN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 13-cv-05251 JRC

ORDER DENYING MOTION FOR COURT APPOINTED COUNSEL

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).

*Pro se* plaintiff, DANIELLE NORFLEET, O/B/O MINOR CHILD, PDN, proceeding *in forma pauperis* ("IFP"), moves for court appointed counsel to assist with an appeal of the denial of social security benefits (*see* ECF No. 2). *See also* 28 U.S.C. § 1915(a)(1). For the reasons

discussed herein, the Court DENIES plaintiff's motion for court appointed counsel (*see* ECF No. 2).

Plaintiff indicates the following in her motion: "Over the last 2 months I made contact with 10 attorneys. I found it difficult to find an attorney to take on an SSI disability denial case for a minor" (*see* ECF No. 2, p. 2). *See also Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

## DISCUSSION

Pursuant to section 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no right to counsel in civil cases, and in this Circuit, district courts may appoint counsel for litigants proceeding IFP only following a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted); *see* 28 U.S.C. § 1915(e)(1); *but see Kerr v. Christian Care Health Sys.*, 2010 U.S. Dist. LEXIS 27734 at *2-*3 (E.D. Pa. 2010) ("The Third Circuit has rejected that construction of § 1915, holding that 'nothing in [the] clear language [of § 1915] suggests that an appointment is permissible only in some limited set of circumstances'") (citations omitted) (collecting cases)). As indicated by the Ninth Circuit:

> "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [plaintiff] to articulate h[er] claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision."

*Terrell, supra,* 935 F.2d at 1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)) (other citations omitted).

At this time, plaintiff has failed to demonstrate exceptional circumstances justifying appointment of counsel. *See Terrell, supra,* 935 F.2d at 1017. First, without viewing the record,

                              Case 3:13-cv-05251-BHS   Document 8   Filed 04/29/13   Page 3 of 4

the Court cannot say whether or not there is any likelihood of success on the merits. Secondly, plaintiff's claim is straightforward and relatively well-articulated (*see* Complaint, ECF No. 4). Plaintiff describes the claim as follows:

> My son has a brachial plexus injury with severe marked functional limitations in self care and school activities including class work. My son was also diagnosed with ADHD with marked difficulties in maintaining concentration, persistence, or pace along with marked impairment in age appropriate cognitive and personal functioning. I believe the Appeals Counsel['s] [] decision was based on 1 marked limitation of the brachial plexus injury and I don't believe the evidence and documentation of ADHD was considered along with his case.

(*id.*, p. 2).

Plaintiff specifically requests that the Court consider "why my son's 2nd marked impairment of 'ADHD' was not considered in his case along with his brachial plexus impairment" (*id.*, p. 3). Considering the level of complexity of the legal issues involved, as can be discerned based on the limited record currently available, the Court concludes that plaintiff has demonstrated an ability to articulate the claim well as a *pro se* litigant (*see id.*, pp. 2-3).

## CONCLUSION

Because plaintiff has not demonstrated a likelihood of success on the merits and has demonstrated an ability to articulate the claim well in light of the complexity of the legal issues involved, the Court does not find that exceptional circumstances exist in this matter herein. *See Terrell, supra,* 935 F.2d at 1017. Therefore, the Court hereby denies plaintiff's motion for court appointed counsel. *See id.* The Court also directs plaintiff to the Court's website, which includes information for *pro se* litigants, such as the *Pro Se* Guide, which includes resources for potentially finding legal advice: http://www.wawd.uscourts.gov/pro-se (last visited April 26, 2013). *See also "Where Can You Get Legal Advice?"* located at *Pro Se* Guide, p. 38,

<pre>ORDER DENYING MOTION FOR COURT
APPOINTED COUNSEL - 3
</pre>

1 http://www.wawd.uscourts.gov/sites/wawd/files/ProSeManual1-15-2013revised.pdf (last visited

2 April 26, 2013).

3    For the reasons stated, the Court **DENIES** plaintiff's motion for court-appointed counsel

4 (ECF No. 2) without prejudice.

5    Dated this 29th day of April, 2013.

[signature]

J. Richard Creatura
United States Magistrate Judge