UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIELLE NORFLEET, on behalf of minor child, PDN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05251 BHS-JRC<br><br>REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION<br><br>Noting Date: February 7, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter is before the Court on this Court's Order to Provide Proof of Service or to Show Cause why this matter should not be dismissed (*see* ECF No. 10).

REPORT AND RECOMMENDATION TO
DISMISS FOR LACK OF PROSECUTION - 1

This Court issued an Order to Provide Proof of Service or to Show Cause why this matter should not be dismissed (ECF No. 10) on November 8, 2013 ordering plaintiff to provide proof of service or show cause by December 13, 2013 why this matter should not be dismissed for lack of prosecution. Plaintiff has failed to file anything in response to this Court's Order. For this reason and because there is no evidence in the record that this case has been served properly, this Court recommends that this action be dismissed without prejudice.

## BACKGROUND

Plaintiff filed her complaint on April 15, 2013 and one summons only was issued on April 15, 2013 (*see* ECF Nos. 1, 4, 5). Fed R. Civ. P. 4(m) requires a defendant to be served within 120 days after a complaint is filed. Fed. R. Civ. P. 4(l) requires proof of service to be filed or made to the court. Additionally, plaintiff was informed (twice) that "regarding social security complaints, 'Rule 4(i) requires plaintiff to serve a summons and copy of complaint on [multiple] entities'" (*see* ECF No. 3, pp. 1-2; *see also* ECF No. 10, pp. 2-3). The record does not show that the Complaint has been properly served.

## DISCUSSION

This Court's November 8, 2013 order (*see* ECF No. 10) informed plaintiff that Fed. R. Civ. P. 4(i) governs service with respect to complaints against the United States and against United States agencies, officers and employees. Plaintiff also was informed that Fed. R. Civ. P. 4(m) requires the court to provide notice to plaintiff before a matter may be dismissed for lack of prosecution, and Rule 4(i)(4) requires the court to allow a reasonable time for plaintiff to cure a failure to serve multiple entities, if plaintiff has

effected service on either the United States attorney or the Attorney General of the United States. Finally, plaintiff was informed (twice) that regarding social security complaints, "Rule 4(i) requires plaintiff to serve a summons and copy of complaint on the following entities: (a) the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of court or the civil process clerk at the office of the United States attorney; (b) the Attorney General of the United States at Washington, District of Columbia; and (c) the officer or agency" (*id*., pp. 2-3; *see also* ECF No. 3, pp. 1-2).

Plaintiff was given five weeks to provide proof of service or show cause why this Court should not file a Report and Recommendation to dismiss this action. The Court was not willing to risk dismissal of an action before consideration of the merits when "other less drastic alternatives [we]re [] available," in part, due to plaintiff's *pro se* status. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (*citing Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (1981)). The Court provided notice to plaintiff that this matter may be dismissed for lack of prosecution if plaintiff failed to provide proof of service by December 13, 2013 (*see* ECF No. 10). Although "the court must extend the time for service" if good cause is shown, plaintiff has not filed anything since the Court's Order to Show Cause (*see id.*). *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

As plaintiff failed to abide by this Court's order and provide proof of service or show cause why this matter should not be dismissed, the undersigned recommends that this matter be dismissed for lack of prosecution and that the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 7, 2014, as noted in the caption.

Dated this 13th day of January, 2014.

J. Richard Creatura
United States Magistrate Judge